IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **KISHAWN LOPEZ**, <br><br> Defendant. | **CRIMINAL NO. 1:23-CR-00018** |

**MOTION AND MEMORANDUM OF THE UNITED STATES FOR A PRELIMINARY ORDER OF FORFEITURE**

The United States of America respectfully submits this Motion and Memorandum for a Preliminary Order of Forfeiture in the above-captioned case for the reasons set forth below. A proposed Preliminary Order of Forfeiture accompanies this pleading.

**MEMORANDUM IN SUPPORT OF MOTION**

**Factual Background**

1. On June 25, 2025, Defendant Kishawn Lopez ("Defendant") plead guilty to Count One of the Information (ECF # 13) that charged him with violation of 18 U.S.C. §§ 922(g) and 924(a)(2)—Possession of Firearms and Ammunition by a Convicted Felon. *See* ECF # 77. Previously, on January 31, 2012, Defendant was convicted of Felon in Possession of a Firearm in District Court Criminal Case: 1:11-cr-00032-WAL-GWC.

2. Discovery produced in this case shows that in December 2022, federal law enforcement officials commenced an investigation into firearm parts mailed from on-line retailers in the mainland United States to St. Croix, USVI. One company specialized in parts for AR-15 style

1

*U.S. v. Lopez*
1:23-CR-00018
Motion and Memorandum of the United States for Preliminary Order of Forfeiture
Page **2** of **6**

rifles. The parts, although not considered a firearm when bought and shipped through the mail, can be assembled after very little fabrication (drilling holes in plastic) to build a working firearm.

3. From August 2022 until September 2023, a firearms parts manufacturer sent 20 parcels to the listed St. Croix address of Defendant. Shipping records obtained from the manufacturer showed that Defendant placed 13 orders during this time. The orders were for AR-15 style rifle parts, and included: 16 lower receivers, and 12 upper receivers for AR-style rifles. The upper receivers included charging handles, bolt carrier groups, and lower parts kits. The bolt carrier groups include the firing pin which is the essential piece of a firearm that makes the weapon operable.

4. A second company was identified as sending parts to Defendant. Four of those orders were for parts that when assembled would build a fully automatic (machine gun) rifle. Video surveillance from the Kingshill, St. Croix Post Office showed someone with Defendant's likeness arriving to pick up parcels and leave in vehicles registered to Defendant.

5. In July 2023, CBP seized a package addressed to Defendant which contained a handgun part. Postal Inspectors secured a search warrant for Defendant's email accounts used to purchase the firearm parts. Based on information obtained from the warrant for Defendant's email account, a search warrant for Defendant's residence was issued.

6. On or about November 3, 2023, law enforcement obtained and executed a search warrant for Defendant's premises. Following the search, law enforcement retrieved a total of 31 firearms and over 5,000 rounds of ammunition. Specifically, they recovered 15 "ghost" handguns, 3

*U.S. v. Lopez*
1:23-CR-00018
Motion and Memorandum of the United States for Preliminary Order of Forfeiture
Page **3** of **6**

revolvers, 1 Tec-9 pistol, and 12 AR-style assault rifles.

7. Defendant, in his plea agreement (ECF # 62) agreed to "forfeit to the United States all of Defendant's interest in all property used and intended to be used to commit or to facilitate the commission of the offense and any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the Defendant's offenses", including but limited to the following specific property:

> i. One Smith and Wesson model, 10-7, .38 caliber revolver bearing serial number AEB5783;
>
> ii. One Smith and Wesson model, 64-4, .38 caliber revolver bearing serial number BEK8762;
>
> iii. One Smith and Wesson model, 15-4, .38 caliber revolver bearing serial number 96K5332;
>
> iv. One Intratec model, TEC-DC9, 9mm caliber pistol bearing an obliterated serial number;
>
> v. One .40 caliber Glock Model #27 pistol with a slide bearing serial number BYZD738;
>
> vi. Any and all firearms, including any fully or partially assembled firearms or "ghost guns,"
>
> vii. Any and all ammunition and firearm magazines; and
>
> viii. Any and all components capable of creating, or used in the manufacture or assembly, of firearms, including, but not limited to, slides and receivers.

## Analysis

8. Defendant's plea to Count One of the Information provides the nexus for forefeiture of firearms and ammunition seized. Specifically, 15 "ghost" handguns, 3 revolvers, 1 Tec-9 pistol,

*U.S. v. Lopez*
1:23-CR-00018
Motion and Memorandum of the United States for Preliminary Order of Forfeiture
Page **4** of **6**

and 12 AR-style assault rifles.

9. The Court's jurisdiction is founded upon 18 U.S.C. § 924(d), which authorizes forfeiture of:

> (d)(1) Any firearm or ammunition involved in … any violation of any other criminal law of the United States, or any firearm or ammunition intended to be used in any offense referred to in paragraph (3) of this subsection, where such intent is demonstrated by clear and convincing evidence, shall be subject to seizure and forfeiture[.] …
> …
> (d)(3) The offenses referred to in paragraph[] (1) …of this subsection are—
> …
> Felon in Possession of Firearm in violation of 18U.S.C. §§922(g)(l) and 924(a)(2)
> …

*See* 18 U.S.C. § 924(d)(1) and (d)(3)(C).

10. Pursuant to Rule 32.2 (b)(1)(B), this Court's forfeiture "determination may be based on evidence already in the record, … and on any additional evidence or information submitted by the parties and acceptable by the Court as relevant and reliable." *See* Fed. R. Crim P. 32.2(b)(1)(B).

11. Defendant in his plea agreement agreed to forfeit to the United States all of Defendant's interest in a total of 31 firearms and over 5,000 rounds of ammunition. Specifically, they recovered 15 "ghost" handguns, 3 revolvers, 1 Tec-9 pistol, and 12 AR-style assault rifles. To the extent defendant has an interest in the firearms seized, they cannot be returned to him because he is a convicted felon. Thus, both the firearms and ammunition as provided in the forfeiture notice of the Information are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d).

12. Rule 32.2 (b)(1), (b)(2), and (b)(3), of the Federal Rules of Criminal Procedure, provide

4

*U.S. v. Lopez*
1:23-CR-00018
Motion and Memorandum of the United States for Preliminary Order of Forfeiture
Page **5** of **6**

that:

>(1) As soon as practicable after entering a guilty verdict or accepting a plea of guilty or *nolo contendere* on any count in an indictment or information with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute. If forfeiture of specific property is sought, the court shall determine whether the government has established the requisite nexus between the property and the offense. . . . The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.

>(2) If the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property without regard to any third party's interest in all or part of it. Determining whether a third party has such an interest shall be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

>(3) The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. At sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

12. Based upon the evidence presented at the plea hearing held on June 25, 2025, Defendant's own admission that if this matter went to trial, the government could prove that the firearms, firearm components and ammunition, provides the nexus for forfeiture of the firearms, components and ammunition. Therefore, the 15 "ghost" handguns, 3 revolvers, 1 Tec-9 pistol, and 12 AR-style assault rifles are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d).

*U.S. v. Lopez*
1:23-CR-00018
Motion and Memorandum of the United States for Preliminary Order of Forfeiture
Page **6** of **6**

WHEREFORE, the United States respectfully requests that this Court enter the proposed Preliminary Order of Forfeiture that accompanies this motion, which shall become final as to the Defendant, at sentencing, pursuant to Fed. R. Crim. P. 32.2 (b)(4).

Respectfully submitted,

Dated: October 27, 2025

**ADAM F. SLEEPER**
United States Attorney

/s/ *Natasha L. Baker*
Natasha L. Baker, AUSA
5500 Veteran's Dr., Ste. 260
U.S. Federal Bldg. & Courthouse
St. Thomas, V.I. 00802
Phone: 340-774-5777
Natasha.Baker@usdoj.gov